UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>ROB BONTA, et al.,<br><br>    Defendants. | No. 2:24-cv-3338 CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis and is currently housed at Mule Creek State Prison ("MCSP"). Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On November 27, 2024, this action was transferred to this Court from the United States District Court for the Central District of California.[1] (ECF No. 7.) This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] Defendant Widman is employed in Los Angeles, California, and likely resides in or near Los Angeles, but defendant Bonta, as California Attorney General, resides in Sacramento. The judge in the Central District found that this case was properly transferred to the Eastern District because "plaintiff is currently incarcerated at MCSP in the Eastern District, and the primary allegations involve threats against plaintiff while incarcerated at MCSP." (ECF No. 7 at 3.)

1

court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

///

## II. PLAINTIFF'S COMPLAINT

Plaintiff is a transgender inmate at Mule Creek State Prison ("MCSP"). (ECF No. 1 at 5.) Plaintiff names as defendants the Attorney General of California, Rob Bonta, as well as Deputy Attorney General Carolyn G. Widman. (Id. at 1, 3.)

Deputy Attorney General Widman is representing Warden Charles Schuyler and Correctional Officer H. Castaneda in a lawsuit that plaintiff filed in the Northern District of California,[2] which concerns events that transpired at Salinas Valley State Prison ("SVSP"). (Id. at 5.) In that lawsuit, plaintiff alleges that Castaneda gave an inmate a knife to stab plaintiff at SVSP, and that such events are recorded on video. (Id.)

In this action, plaintiff alleges that defendant Widman has been knowingly leaking information about the Northern District lawsuit to officers at SVSP and MCSP, putting plaintiff's life in danger. (Id.) Plaintiff believes that defendant Widman is conspiring with the defendants in the Northern District lawsuit to intimidate plaintiff and prevent plaintiff from pursuing the lawsuit. (Id. at 6.) Plaintiff alleges that other inmates at MCSP have threatened plaintiff over the past few months; and inmates at MCSP have told plaintiff that if plaintiff goes to a deposition, plaintiff would "die of slow death." (Id.) In addition, plaintiff has notified defendant Widman and the Northern District Court about these threats several times. (Id.)

Plaintiff seeks a permanent injunction requiring defendant Widman to withdraw from plaintiff's Northern District lawsuit, and a declaratory judgment that defendants violated plaintiff's civil rights. Plaintiff also seeks punitive damages from both defendants, reasonable attorney fees and the costs of suit. (Id. at 8.)

---

[2] Plaintiff's Northern District lawsuit is Jones v. Hidalgo, Case No. 3:23-cv-03232-CRB (N.D. Cal.) (hereafter "Northern District lawsuit"). A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). According to the court's docket from the Northern District lawsuit, plaintiff appeared by video for plaintiff's deposition on October 7, 2024. Hidalgo, Case No. 3:23-cv-03232-CRB (ECF No. 83-1). According to defendants Schuyler and Castaneda, plaintiff refused to participate in the deposition, and their motion to compel plaintiff's meaningful participation in another deposition is currently pending. Id. (ECF No. 83). On November 20, 2024, plaintiff filed a change of address and a notice that plaintiff had filed a civil rights action against Deputy Attorney General Widman "for conspiring to commit murder on plaintiff," and claimed Widman would "have to dismiss herself from [the Northern District lawsuit.]" Id. (ECF Nos. 85, 86).

3

III.   DISCUSSION

   A.  Defendant Widman

Defendant Widman is a Deputy Attorney General who was engaged in official conduct in representing the state government by defending a civil lawsuit against the warden and a correctional officer in plaintiff's Northern District lawsuit.

   1.   Absolute Immunity

Plaintiff seeks relief from a defendant who is immune. 28 U.S.C. § 1915A(b)(2). Defendant Widman, as a Deputy Attorney General, was engaged in official activities in defending her clients in the Northern District lawsuit. See Fry v. Melaragno, 939 F.2d 832, 837 (9th Cir. 1991) (absolute immunity extends to government attorneys handling civil litigation). Plaintiff's conclusory allegations as to defendant Widman are insufficient to demonstrate plaintiff can state a cognizable civil rights claim against defendant Widman in her official capacity. Court records are open to the public. Plaintiff includes no facts as to defendant Widman's specific acts, including the nature of the information allegedly disclosed, when or who defendant Widman allegedly divulged the information to, or how the release of such information put plaintiff's life at risk. For example, if defendant Widman shared relevant case information with her clients (the warden and the correctional officer) or other government staff in the context of her representation for the case, she would be absolutely immune from plaintiff's claim for money damages.

   2.   Sovereign Immunity

Further, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities unless the State consents to waive its sovereign immunity or Congress abrogates it. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." Pennhurst, 465 U.S. at 99. Thus, plaintiff's claims for money damages against defendant Widman based on her official conduct are barred by the Eleventh Amendment. Claims against state officials in their official capacities are merely another way of pleading an action against the state itself. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against

the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)); Hafer v. Melo, 502 U.S. 21, 25 (1991) (state officials acting in their official capacities receive the same immunity as the government agency that employs them). A state and its officials acting in their official capacities are not "persons" subject to 42 U.S.C. § 1983. Will, 491 U.S. at 71. Therefore, plaintiff has failed to state a claim against defendant Widman.

### 3. Eighth Amendment Failure to Protect Claim

Further, it does not appear that plaintiff can state a cognizable failure to protect claim under the Eighth Amendment against defendant Widman because she is not a prison official.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006), opinion amended on reh'g, 2006 WL 3437344 (9th Cir. Nov. 30, 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

"The Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." Id., 511 U.S. at 832. Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing Farmer, 511 U.S. at 832-33)). To establish a violation of this duty, a prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." Labatad, 714 F.3d at 1160 (citation omitted).

Here, plaintiff does not allege in the complaint that Deputy Attorney General Widman is a prison official. And, as a Deputy Attorney General, defendant Widman does not appear to be a prison official as the term is used in Farmer and other Eighth Amendment jurisprudence, and a Deputy Attorney General would have no authority over plaintiff's conditions of confinement.[3]

---

[3] For example, the Federal Sentencing Guidelines define "prison official" as "any individual (including a director, officer, employee, independent contractor, or volunteer, but not including an

Plaintiff's complaint fails to state an Eighth Amendment failure to protect claim against defendant Widman.

### 4. Potential Due Process Claim

Plaintiff claims that defendant Widman knowingly leaked information about the Northern District lawsuit to officers at SVSP and MCSP, allegedly putting plaintiff's life in danger. It is unclear whether plaintiff can allege facts demonstrating that defendant Widman, in her personal capacity, violated plaintiff's rights under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment provides that: "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Generally, the Fourteenth Amendment does not impose a duty on the state to protect individuals from third parties. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 197 (1989) ("As a general matter, then, we conclude that a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause."); Hernandez v. City of San Jose, 897 F.3d 1125, 1133 (9th Cir. 2018) ("As a general rule, members of the public have no constitutional right to sue [public] employees who fail to protect them against harm inflicted by third parties.") (quoting L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir. 1992)). "This rule is modified by two exceptions: (1) the 'special relationship' exception; and (2) the 'danger creation' exception." Morgan v. Gonzales, 495 F.3d 1084, 1092 (9th Cir. 2007) (internal quotations omitted). The second exception is at issue here.

"The danger creation exception arises when affirmative conduct on the part of the state places a party in danger he [or she] otherwise would not have been in." Id. (internal quotations omitted). To demonstrate the exception applies, "[t]he affirmative act must create an actual, particularized danger," "the ultimate injury to the plaintiff[] must be foreseeable," and the state actor "must have . . . acted with deliberate indifference to a known or obvious danger."

---

inmate) authorized to act on behalf of a prison or correctional facility. For example, this enhancement would be applicable to any of the following: (i) An individual employed by a prison as a corrections officer; (ii) an individual employed by a prison as a work detail supervisor; and (iii) a nurse who, under contract, provides medical services to prisoners in a prison health facility." Federal Sentencing Guidelines, § 3A1.2.

Hernandez, 897 F.3d at 1133 (internal quotations and citations omitted); Polanco v. Diaz, 76 F.4th 918, 928 (9th Cir. 2023), cert. denied, 144 S. Ct. 2519 (2024), and cert. denied, 144 S. Ct. 2520 (2024).  This is a "stringent standard of fault, requiring proof that a [state] actor disregarded a known or obvious consequence of his [or her] actions." Kennedy v. City of Ridgefield, 439 F.3d 1055, 1064 (9th Cir. 2006) (quotation marks and citation omitted).  In other words, the subjective standard used to evaluate state-created danger claims "requires a plaintiff to allege facts supporting an inference that the [state actor] 'recognized an unreasonable risk and actually intended to expose the plaintiff to such risk.'" Polanco, 76 F.4th at 928 (quoting Herrera v. L.A. Unified Sch. Dist., 18 F.4th 1156, 1160-61 (9th Cir. 2021).

Deputy Attorneys General act under color of state law. See, e.g., Vera v. Pfiffer, 2020 WL 3891464, at *2 (C.D. Cal. Mar. 26, 2020) ("The Deputy Attorney General is a state actor."). However, because plaintiff's complaint is devoid of facts as to defendant Widman's specific actions, the Court cannot determine whether plaintiff may be able to state a cognizable civil rights claim alleging defendant Widman's actions created a danger plaintiff would not have otherwise been exposed to in violation of plaintiff's Fourteenth Amendment due process rights.  Plaintiff is granted leave to amend if plaintiff can allege facts addressing the elements set forth above.

####    5.    Leave to Amend

It is unclear plaintiff can amend the complaint to state a cognizable civil rights claim against defendant Widman in her personal capacity.  However, in an abundance of caution, plaintiff is granted leave to amend as to defendant Widman in her personal capacity, not her official capacity.  Plaintiff is granted leave to amend solely as to the potential state-created danger claim alleging a due process violation under the Fourteenth Amendment.  Plaintiff is not granted leave to include the Eighth Amendment claim because defendant Widman is not a prison official.

### B.  Defendant Bonta

Plaintiff's claims against California Attorney General Rob Bonta fail because plaintiff includes no charging allegations against Bonta.  In the defendant portion of the complaint, plaintiff claims defendant Bonta acted under color of state law by violating plaintiff's Eighth Amendment right, adding "failure to protect." (ECF No. 1 at 3.)  But plaintiff includes no facts

demonstrating defendant Bonta's personal involvement in, or knowledge of, the deprivations plaintiff alleges against defendant Widman.

To the extent plaintiff named Bonta solely based on Bonta's supervisory position as the Attorney General of California, an individual's supervisory role does not render them liable for the actions of his subordinates under a respondeat superior theory. Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under section 1983." (citation omitted)). Supervisors may be held liable only if they "participated in or directed the violations or knew of the violations and failed to act to prevent them." Id. Therefore, defendant Bonta cannot be retained in this action merely because he held a supervisory role.

Finally, as with defendant Widman, plaintiff may not proceed on section 1983 claims against the California Attorney General in an official capacity, as the Attorney General is not a "person" within the meaning of section 1983. See Will, 491 U.S. at 71 ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (state agencies are not persons within meaning of § 1983). Any official capacity claim against the California Attorney General would be further limited by the Eleventh Amendment, which bars suits for damages against state officials in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ( "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

Because the basis for plaintiff's claims against defendant Bonta is not clear, plaintiff's claims are dismissed with leave to amend. If plaintiff chooses to amend as to defendant Bonta, plaintiff's claims must be based on defendant Bonta's personal (not official) capacity, and plaintiff must allege facts demonstrating Bonta's personal involvement in the alleged violation. Plaintiff may not amend to allege claims against Bonta in his official capacity.

IV.   LEAVE TO AMEND

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

about which plaintiff complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in the complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 566 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff is granted leave to amend to allege a Fourteenth Amendment due process claim against defendant Widman, in her personal capacity, under the danger creation exception if plaintiff can allege such a claim.  Plaintiff is also granted leave to amend as to defendant Bonta in his personal capacity if plaintiff can allege facts showing Bonta's personal involvement.  Plaintiff is not granted leave to add new claims or new defendants.

V.   ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the Court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  December 6, 2024

/1/jone3338.14

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYON JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>ROB BONTA, et al.,<br><br>  Defendants. | No. 2:24-2338 CSK P<br><br>NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
                    Plaintiff

1